Minshall, J.
Two grounds are relied on in support of the demurrer i 1. The action against the defendant is res adjudícala. 2. The provisions of Sec. 4275, Revised Statutes, apply .onlyato judgments recovered by the loser under Sec. 4270, Revised Statutes.
We will briefly notice these objections in their order.
1. The judgment recovered against Marvin, Clif *135 ford and Gossman, and reversed as to Marvin, was recovered under sestion 4273, giving to a person, other than the loser, the right to recover money lost at gaming, where the loser fails within the time allowed him, to do so under Sec. 4270. Hence this action is not the same action previously brought against Marvin, Clifford and Gossman, the judgment in which was reversed as to Marvin by the circuit court, and is not, therefore, ros adjudicada. The object of this suit is to make the judgment recovered against Clifford and Gossman for money won by them at gáming, and which remains in full force and unreversed, a lien on the property where the gaming was carried on with the knowledge of the OAvner. Doubtless the judgment in the former suit against all three of them was reArers.ed as to Marvin, for the reason, that, in the opinion of the circuit court, there was not sufficient evidence to make him liable as a winner. This, however, does not affect the question as to whether his property may not be made liable to the lien of the judgment rendered against Clifford and Gossman, should it be made to appear, as is averred, that the gaming in which the money was lost, was carried on in his property with his knowledge. Such is the purpose and object of this action, and it is not affected by the judgment rendered in his favor -in the former action.
2. We are unable to accept the construction of the defendant in error, that the provisions of Sec. 4275 were designed for the benefit of the loser, where under Sec. 4270 he recovers a judgment. So far as natural justice is concerned it has little to do with a recovery under any of these sections.' The primary object of the legislature in their enactment was, not to do justice between the parties, but, in the interest of good morals, to discourage the vice of gambling; and it is quite as consistent with this policy to make a judgment recovered by a third person under section 4273, a lien on the property where the *136 gaming was carried on in which the money was lost, as a judgment in favor of the loser under section 4270 where, in either case, the gaming was carried on with the knowledge of the owner.

Reversed and remanded for further proceedings.